DUNHAM CONCENTRATOR AND MANUFACTURING COMPANY, Respondent, v. SWAN MACHINERY COMPANY, Appellant.

Springfield Court of Appeals, January 30, 1915.

1. INSTRUCTIONS: Trover and Conversion: Possession. Action for actual and punitive damages on account of trover and conversion of certain personal property. An instruction is examined as to alleged error in omitting to require a finding that plaintiff was entitled to immediate possession in order to recover. Instruction considered not objectionable.

2. TROVER AND CONVERSION: Possession: Admissions. In an action for actual and punitive damages on account of trover and conversion of certain personal property, the testimony disclosed that the property was in two separate concentrating mining plants and the defendant's answer admitted possession by plaintiff of parts of the property located in both mills. There was no merit to the objection that there was no proof of plaintiff's possession of the property in one of the mills.

Appeal from Jasper County Circuit Court, Division Number Two.—*Hon. David E. Blair,* Judge.

AFFIRMED.

*W. J. Owen* and *R. H. Davis* for appellant.

(1) Plaintiff's principal instruction should not have been given, because it does not require the jury to find that plaintiff was in the actual possession, or

entitled to the immediate possession, of the property in question at the time of the alleged conversion. 38 Cyc. 2044; Schwald v. Brunjes, 139 Mo. App. 516; Bank v. Ligevele Co., 152 Mo. 145; Summers v. Baker, 158 Mo. App. 666. (2) There is no evidence in the record upon which to base said instruction, and from which the jury could find the reasonable market value of the property in question, at the time of the alleged conversion. (3) A recovery of actual damages is a condition precedent to a recovery of punitive damages. Hoagland v. Amusement Co., 170 Mo. 335.

*Grover C. James* for respondent.

(1) The uncontradicted evidence in this case shows that respondent was the owner and entitled to the immediate possession of the property involved at the time of the conversion. This is certainly sufficient to justify its principal instruction authorizing the jury to find for the plaintiff, if they believed from the evidence that "plaintiff was in the immediate possession or entitled to the possession," etc., of said property. Schwald v. Brunjes, 139 Mo. App. 517; Bank v. Tiger Tail M. & L. Co., 152 Mo. 157; Bank v. Fisher, 55 Mo. App. 54. (2) The instruction is based on the evidence in this case and that is all the law requires. The evidence shows a wrongful conversion of respondent's property by appellant, and that is sufficient to sustain the verdict of the jury. Allen v. McMonagle, 77 Mo. 481; Minich v. Fisher & Hill, 57 Mo. App. 227; Wilkerson v. Misner, 158 Mo. App. 555; Bolt & Nut Mfg. Co. v. Railroad, 12 Mo. App. 626; Mann v. Weiss, 185 Mo. App. 335, 170 S. W. 355. (3) Possession under a claim of title or right is sufficient to sustain an action for conversion against one who does not show a better right or title. 38 Cyc. 2050; Turley v. Tucker, 6 Mo. 586.

ROBERTSON, P. J.—Plaintiff recovered judgment against defendant for actual and punitive damages on account of a trover and conversion of personal property and the defendant has appealed.

Appellant's first complaint is· that the court committed error against it in an instruction which told the jury that if they found and believed "from the evidence that on or about the —— day of June, 1913, plaintiff was in the immediate possession, or entitled to possession, of the goods and chattels, or any part thereof, mentioned in the evidence and that at said time the defendant," took and converted the same that they should find for the plaintiff. It is said that the jury was not required by this instruction to find that plaintiff was entitled to the immediate possession but a reading of the quoted portion of the instruction clearly discloses that the jury were required to fix the time when plaintiff was in the possession, or entitled to it, and also to determine "that at said time" the defendant took and converted the property. This was sufficient. [Bank v. Tiger Tail Mill & Land Co., 152 Mo. 145, 157, 53 S. W. 902.]   Besides, the defendant admitted in its answer that it took a portion of the property claimed by plaintiff and  admitted therein that such property was then in plaintiff's possession. There was no error in giving this instruction.

In that instruction the jury was also required to determine the reasonable market value of the property at the time of the alleged conversion and the appellant contends that there was no testimony upon which to base that part of the instruction.   Attached to plaintiff's petition is an' exhibit itemizing each article alleged to have been converted by defendant and opposite each item is its value.   This exhibit was used in the course of the trial and one· witness, after being asked what was the reasonable market value of the property at the time, stated positively the amount, which corresponded with the total of the value of the

items mentioned on the exhibit. The witness answered the question with some equivocation, first stating that it was the cost price, but we cannot say that his testimony was not, as finally stated, substantial testimony to go to the jury. We also have the additional fact that with the answer which defendant filed is also an exhibit including the items which it admitted that it took, giving the total value, but not the value of each item; however, taking the items in defendant's exhibit which can be identified in plaintiff's exhibit, adding the values for these items fixed in plaintiff's exhibit and considering the kind and character of items in defendant's exhibit which cannot be thus identified, it is clear that according to defendant's admission in its answer, that said witness did not overestimate the market value of the property which the jury found defendants had unlawfully taken and converted.

The testimony discloses that the property converted was in two separate concentrating mining plants and it is charged by the defendant that there is no testimony to disclose that the plaintiff has possession of the property in controversy that was in one of the mills, but as before noticed the defendant's answer admits the possession by plaintiff of certain portions of the property which defendant alleges it took. The testimony shows that this property, which is admitted to have been taken, was part in one mill and part in the other. The possession which plaintiff had was based on its claim of possession to both mills so that when defendant admitted plaintiff's possession to part of the property it necessarily admitted it as to this mill and hence as to all the property therein.

The next and only other contention made by defendant is that the plaintiff is not entitled to recover punitive damages unless actual damages are shown. This question has been necessarily disposed of in our holding that there was testimony tending to prove the

market value of the property. There is no complaint made here that the verdict of the jury is excessive.

The judgment is affirmed.

*Farrington* and *Sturgis, JJ.,* concur.